IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
SUN CHA THOMPSON               )
                               )
     v.                        )    NO. 2:07-CV-198
                               )        (2:06-CR-50)
UNITED STATES OF AMERICA.      )
```

OPINION AND ORDER

This matter is before the Court on (1) the Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (D.E. # 194), filed by Petitioner, Sun Cha Thompson, on June 15, 2007, and (2) the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (D.E. # 229), filed by Petitioner, Sun Cha Thompson, on December 3, 2007.  For the reasons set forth below, Thompson's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (D.E. # 194) is **DENIED** and Thompson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (D.E. # 229) is **DISMISSED**. The Clerk is **ORDERED** to **DISMISS** this case **with prejudice** and to distribute a copy of this Order to Sun Cha Thompson (Prisoner No. 08685-027), FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT 06811, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

On January 23, 2007, pursuant to the Amended Plea Agreement ("plea agreement") (D.E. # 160), Thompson pled guilty to count 2 of the indictment in cause number 2:06cr50, charging her with interstate travel to facilitate illegal prostitution activities in violation of 18 U.S.C. § 1952(a)(3) and count one of an information in cause no. 2:06cr254, charging her with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). In that plea agreement, Thompson stated that she understood that her sentence would be determined by the district court and that she understood the maximum and minimum penalties she could receive. (Amended Plea Agreement (D.E. # 160) ¶¶ 6, 7(b)). Thompson also stated in the plea agreement, "I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement." (Amended Plea Agreement ¶ 11).

Also in this plea agreement, Thompson waived her right to appeal her sentence and to file for post-conviction relief. Specifically, her plea agreement states the following:

> I understand that the law gives a convicted person the right to appeal the conviction and sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that this Court has the jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this

> understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, section 2255.

(Amended Plea Agreement ¶ 7(e).)

Before accepting Thompson's guilty plea, on January 23, 2007, this Court conducted a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure with the aid of a Korean translator. At this hearing, Thompson was placed under oath and engaged in an extensive colloquy with the Court.

Among other things discussed, Thompson confirmed that she, with the aid of a translator, had read the entire plea agreement prior to the plea hearing with her attorney present, that she fully understood everything in the plea agreement, and that she agreed with everything in the plea agreement. The Court then asked Thompson to re-read paragraph 7 of the plea agreement with the aid of the translator. Once she was finished, the Court explained each sub-paragraph under paragraph 7 and questioned Thompson as to whether she understood the terms of the plea agreement.

Relevant here, the Court extensively questioned Thompson regarding her understanding of how her sentence would be calculated.

Thompson repeatedly indicated that she understood and agreed that the Court did not know what sentence she would get, that her sentence would depend on a number of factors, and that the Court and only the Court would determine what sentence she would get even though there were recommendations in the plea agreement. She also indicated her understanding of the maximum and minimum sentences she could get and that her actual sentence could be somewhere in between. She further indicated that she had discussed how sentencing worked with her attorney.

In addition, the Court repeatedly questioned Thompson as to whether she was satisfied with her attorney and wished to proceed with the change of plea hearing. Thompson indicated that she previously had mis-communications with her attorney because her English was not very good but that she now completely understood what he meant and she was satisfied with him as her attorney. Nevertheless, the Court warned her to think carefully about whether she liked her attorney, was happy with his representation, and saw eye-to-eye with him and offered her the opportunity to postpone the hearing. Thompson indicated multiple times that she was happy and satisfied with her attorney and his advice and wanted to proceed.

Also relevant here, Thompson and the Court specifically discussed plea paragraph 7(e) where Thompson waived her right to file, among other things, §2255 motions. She confirmed that she was waiving these rights knowingly and voluntarily.

-4-

After discussing every sub-paragraph of paragraph 7 of the amended plea agreement, Thompson testified that no promises other than those set forth in the plea agreement had been made and that no one made any prediction to her as to what her precise sentence would be. The Court then proceeded to establish a factual basis for the plea.

In open court, Thompson admitted to all of the elements of the offenses she was pleading guilty to pursuant to the plea agreement. Based on Thompson's responses, the Court found that her guilty plea was made knowingly and voluntarily and supported by an independent basis of fact. The Court accepted the guilty plea and Thompson was adjudged guilty of the offense charged in the information in cause number 2:06cr254 and of the offense charged in count two of the indictment in cause number 2:06cr50.

Thompson was sentenced on May 9, 2007, to a term of 27 months imprisonment and 2 years of supervised release. Judgment was entered on May 11, 2007. Thompson did not file a direct appeal with the Seventh Circuit.

Thompson filed her first § 2255 petition on June 15, 2007. In this motion, Thompson contends that the Court improperly calculated her sentence under the United States Sentencing Guidelines, that she should have received credit for time served on home detention, and that the translator was not a proper legal advisor. The Government responded on July 25, 2007, arguing that Thompson waived her right to file a § 2255 petition based on paragraph 7(e) of her plea agreement.

-5-

Raised for the first time in Petitioner's Response to Government's 2255 Response (D.E. # 210), Thompson also claims that she understood from her attorney that she would receive a different sentence than she actually received because the translator told her "your attorney said sign or you will be in bigger trouble, and you <u>will</u> get all your credits." (Emphasis in original.) She states that she "is only seeking credits that was [sic] <u>promised</u>, as she does <u>not</u> read or speak English, and did <u>not</u> understand until a friend explained such." (Emphasis in original.)

Thompson filed a second § 2255 petition on December 3, 2007, which was not certified by the Court of Appeals. This petition states the following:

> Petitioner is not happy with the sentence that was imposed on petitioner.. [sic] Petitioner was told that she was to receive 6 months only.. [sic] petitioner [sic] recieved [sic] 27 months. but [sic] this was not what was told to petitioner by her attorney. again [sic].. [sic] I am not a native to this country. I was not fully understanding what was transpiring. Petitioner understood what her attorney was saying to her. [sic] That she was to receive 6 months on her sentence.. [sic] Attorney told Petitioner to sign.. [sic] because If [sic] she did not sign the agreement Petitioner would receive [sic] a lot more time on her sentence. attorney [sic] has lied to petitioner.. [sic] but that is too late.. [sic] I realized too late of [sic] what was really happening to me.

In this petition, Thompson claims as grounds for her motion, ineffective assistance of counsel for failure to disclose to petitioner the "truth on sentence" and failure to inform defendant of

-6-

decision not to file notice of appeal, and that the Court improperly calculated her sentence under the United States Sentencing Guidelines.

DISCUSSION

A defendant may waive the right to file a § 2255 motion as part of a written plea agreement. *See, e.g., Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999). Such a waiver is valid unless Thompson shows that she entered her guilty plea without knowing or understanding the terms thereof, or unless she can establish ineffective assistance of counsel in connection with the negotiation of the waiver. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000).

Here, the claims raised in Thompson's § 2255 motion (D.E. # 194) are barred by the waiver provision in the plea agreement. *See, e.g., Adams v. United States,* No. 2:07cv66, 2007 WL 778415, at *5-6 (N.D. Ind. March 12, 2007). In this motion, Thompson has failed to raise claims that bear on the validity of the waiver provision (or that cannot be waived by a waiver provision), and, accordingly, her arguments (all of which contest her conviction or sentence or the manner in which they were determined or imposed) are waived.[1]

---

[1] To the extent Thompson's argument that the Korean translator was not a proper legal advisor could be construed as outside the waiver provision of the plea agreement, this argument is without merit. Thompson fails to provide any example of advice that the interpreter supplied on his own or of any interpretation that was inaccurate. *See United States v. Madu*, 164 Fed. Appx. 551, 552 (7th Cir. 2005).

Moreover, the record of the plea hearing indicates that Thompson did understand the consequences of her guilty plea and that her waiver was knowingly and voluntarily made. *See, e.g., U.S. v. Kellum*, 42 F.3d 1087, 1097 (7th Cir. 1994). For example, here, Thompson read the plea agreement at least two times with the aid of a translator and her attorney and repeatedly assured the Court that she understood it and agreed with it. In addition, the Court extensively explained the plea agreement's provisions, Thompson's rights, the elements of the offense, and the consequences of her guilty plea. The Court also extensively questioned Thompson regarding these same issues. And, furthermore, Thompson admitted committing the offenses charged, agreed with the facts offered by the government, and stated that no one had threatened or forced her to plead guilty or made any promises regarding her sentence.

To be sure, Thompson raises for the first time in her reply to the Government's response to her § 2255 motion, a claim that she "is only seeking credits that was [sic] promised." According to Thompson, she was "promised" credits when the translator told her "your attorney said sign or you will be in bigger trouble, and you will get all your credits due anyway." (D.E. # 210.) Certainly, here, the claim that she was "promised" credits is nothing more than a challenge to her sentence because she is unhappy with the "credits" the Court found she was entitled to under the United States Sentencing Guidelines. As such,

this claim was waived by Thompson in plea paragraph 7(e).[2] In any event, because this argument was not raised until the reply brief, it is waived. *E.g., United States v. Herrera-Rivera*, 25 F.3d 491, 495 n.3 (7th Cir. 1994). Accordingly, for these reasons Thompson's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (D.E. # 194) is **DENIED**.

*Second or Successive § 2255 Petitions*

Thompson also filed a §2255 motion on December 3, 2007. Because she has already filed a §2255 motion, she must receive approval from the Seventh Circuit before this Court has jurisdiction. 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996)("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing" (emphasis in original)). Because she has not received permission from the Seventh Circuit, Thompson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (D.E. # 229) is **DISMISSED**.

---

[2] To the extent this raises ineffective assistance of counsel, such a claim fails at least because Thompson cannot show that she was prejudiced by pleading guilty. *See United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999); *United States v. Autullo*, Nos. 93C486, 88cr91-4, 1993 WL 189945, at *4 (N.D. Ill. May 28, 1993).

CONCLUSION

For the reasons set forth above, Thompson's Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (D.E. # 194) is **DENIED** and Thompson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (D.E. # 229) is **DISMISSED**. The Clerk is **ORDERED** to **DISMISS** this case **with prejudice** and to distribute a copy of this Order to Sun Cha Thompson (Prisoner No. 08685-027), FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT 06811, or to such other more current address that may be on file for the Petitioner.

**DATED: July 31, 2008**                    /s/ RUDY LOZANO, Judge
                                            **United States District Court**